**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SHAKYRA ROBERTSON and LUTHER BURKMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>EYM PIZZA OF GEORGIA, LLC, D/B/A PIZZA HUT, A TEXAS LIMITED LIABILITY COMPANY; EYM PIZZA OF WISCONSIN, LLC, D/B/A PIZZA HUT, A TEXAS LIMITED LIABILITY COMPANY<br><br>Defendants. | CASE NO. 3:20-cv-1753<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiffs, SHAKYRA ROBERTSON and LUTHER BURKMAN, on behalf of themselves and those similarly situated, sue the Defendants, EYM PIZZA OF GEORGIA, LLC D/B/A PIZZA HUT, a Texas Limited Liability Company, and EYM PIZZA OF WISCONSIN, LLC, D/B/A PIZZA HUT, a Texas Limited Liability Company, and allege:

## INTRODUCTION

1. Defendants operate numerous Pizza Hut franchises in Georgia, South Carolina, Wisconsin, Illinois and Indiana. Defendants have employed hundreds, or even thousands of individuals, including Plaintiffs, as pizza delivery drivers at these Pizza Hut locations in Georgia and Wisconsin. These drivers were typically paid a reduced, tipped minimum wage for the hours they worked delivering pizzas to customers. Defendants systematically under-reimbursed Plaintiffs and

the other delivery drivers for their vehicle expenses causing the Plaintiffs and other drivers' pay to fall below the minimum wage. This collective action seeks to recover these unpaid minimum wages on behalf of all drivers who drove for Defendants within the last three years in Georgia and Wisconsin.[1]

2. Plaintiffs were employees of Defendants and bring this action for unpaid minimum wage compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

3. The FLSA, like virtually all minimum wage laws, require employers to provide their employees with sufficient reimbursements for employment-related expenses ("kickbacks") to ensure that employees' hourly wages equal or exceed the required minimum wage after such expenses are counted against the hourly wages. However, Defendants systematically under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses, thereby ensuring that all of Defendants' delivery drivers are effectively paid well below the minimum wage.

**GENERAL ALLEGATIONS**

4. Plaintiff, Shakyra Robertson worked as an hourly paid delivery driver for Defendant, EYM PIZZA OF GEORGIA, LLC, from approximately March 2020 to the present. Plaintiff, Shakyra Robertson consents to be a party in this action through the consent form attached as "Exhibit A."

5. Plaintiff, Shakyra Robertson worked at one of Defendant's Hinesville, Georgia

[1] Defendants related entity, EYM Pizza of Illinois, LLC is facing a similar lawsuit in Illinois federal court. *See Colon v. EYM Pizza of Illinois, LLC*, No. 18-cv-05743 (N.D. Ill.)

locations.

6. While working for Defendant, Plaintiff, Shakyra Robertson was paid approximately $7.25 per hour when working in the store, and paid a reduced minimum wage when driving on the road delivering pizzas.

7. Defendant, EYM PIZZA OF GEORGIA, LLC, is a Texas Limited Liability Company with its headquarters in Irving, Texas and within the jurisdiction of this Court.

8. Venue is proper in this Court and jurisdiction is appropriate over Defendant as Defendant is headquartered in this District.

9. Plaintiff, Luther Burkman worked as an hourly paid delivery driver for Defendant, EYM PIZZA OF WISCONSIN, LLC, from approximately February 2017 to the present. Plaintiff, Luther Burkman consents to be a party in this action through the consent form attached as "Exhibit B."

10. Plaintiff, Luther Burkman worked at one of Defendant's Racine, Wisconsin locations.

11. While working for Defendant, Plaintiff, Luther Burkman was paid approximately $7.25 per hour when working in the store, and paid a reduced minimum wage when driving on the road delivering pizzas.

12. Defendant, EYM PIZZA OF WISCONSIN, LLC, is a Texas Limited Liability Company with its headquarters in Irving, Texas and within the jurisdiction of this Court.

13. Venue is proper in this Court and jurisdiction is appropriate over Defendant as Defendant is headquartered in this District.

14. This action is brought under the FLSA to recover from Defendants minimum wage

compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid delivery driver who worked for Defendants at any one of their Pizza Hut locations within the past three (3) years in Georgia or Wisconsin.

15. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

16. During Plaintiffs' employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

17. During Plaintiffs' employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

18. Included in such goods, materials and supplies were computers, telephones, food items, drink items, restaurant equipment and supplies, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

19. Therefore, Defendants are each an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**FLSA VIOLATIONS**

20. The primary function of Pizza Hut restaurants, including all such restaurants owned and operated by Defendants is to sell pizza and other foods and beverages. Accordingly, Defendants were engaged in commerce.

21. Pizza Hut restaurants, including those operated by Defendants, are employers under the FLSA. Defendants paid and supervised their employees, including Plaintiffs and other delivery

drivers.

22. Defendants employed delivery drivers, all of whom have the same job duty: to deliver pizzas and other food and beverages to customers. Plaintiffs and all other delivery drivers are clearly employees within the meaning of the FLSA.

23. Some delivery drivers worked inside their restaurant during certain hours and work as delivery drivers at other times.

24. During Plaintiffs' tenure as employees of Defendants, they consistently worked approximately 40 hours or more per week, with the majority of their time spent "on the road" making deliveries.

25. Throughout the relevant period, Defendants required each of their delivery drivers to maintain and provide a safe, functioning, insured, and legally-operable automobile to make deliveries. These vehicles, typically two- and four-door passenger cars, weigh less than 10,000 pounds.

26. Throughout the relevant period, Defendants required its delivery drivers to bear the "out-of-pocket" costs associated with their vehicles, including costs for gasoline, vehicle depreciation, insurance, maintenance, and repairs.

27. For decades, the Internal Revenue Service ("IRS") has calculated and published a standard mileage reimbursement rate ("IRS rate") for businesses and employees to use in computing the minimum deductible costs of operating an automobile for business purposes.

28. In 2017, the IRS rate was $0.535 per mile; in 2018 the IRS rate was $0.545 per mile; 2019 the IRS rate was $0.58 per mile; and in 2020 the IRS rate was $0.575 per mile.

29. Since 2010, many reputable companies that study the cost of owning and operating

a motor vehicle and/or estimating reasonable reimbursement rates for vehicular travel, including the American Automobile Association, have consistently set the average cost of operating a vehicle at rates significantly higher than that set by the IRS. *See, e.g.,* American Automobile Association's "Your Driving Costs" for 2019, available at: https://exchange.aaa.com/wp-content/uploads/2019/09/AAA-Your-Driving-Costs-2019.pdf

30. Defendants' delivery drivers typically experienced lower gas mileage, more rapid vehicle depreciation, and greater vehicular expenses than the average business driver because they typically drove in urban areas, in "start-and-stop" traffic, on a tight schedule, at night, and in inclement weather.

31. Insurance providers recognize the hazards of working as a pizza delivery driver. Unsurprisingly, pizza delivery drivers pay significantly higher automobile insurance rates than do regular drivers,[2] and some pizza companies even provide their drivers with automobile insurance coverage.[3] Defendants do not provide insurance for its drivers.

32. Thus, during the relevant period, the actual "out-of-pocket" costs that Defendants' delivery drivers paid to provide a safe, functioning, insured, and legally-operable automobile for their deliveries was at least $0.535 per mile or more.

33. During part of the relevant period, Defendants reimbursed their delivery drivers at a rate of approximately $0.28 cents per mile, well less than the applicable IRS rate.

---

[2] *See Auto insurance an important piece of the pie for pizza delivery vehicles*, NETQUOTE, http://www.netquote.com/auto-insurance/pizza-delivery-vehicles (last visited Mar. 24, 2017).
[3] See *The Hidden Risks of a Pizza Delivery Business*, TRUSTED CHOICE INDEPENDENT INSURANCE AGENTS, https://www.trustedchoice.com/small-business-insurance/restaurant-food/pizza-delivery/ (last visited Mar. 24, 2017).

34. Plaintiffs and the other delivery drivers were paid a tipped minimum wage for all time they spend on the road as delivery drivers. Because Defendants paid the minimum wage, it was legally obligated to fully reimburse Plaintiffs and their colleagues for the full amount of their driving expenses. However, Defendants failed to fully reimburse their drivers for the full amount of their driving expenses, thus forcing the drivers' total compensation far below the minimum.

35. Defendants' systematic failure to adequately reimburse delivery drivers for their automobile expenses constitutes a kickback to Defendants, such that the hourly wages it pays and has paid to Plaintiffs and other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

36. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of deliveries performed by Plaintiffs and the other delivery drivers and the amount of reimbursement paid are in the possession and custody of Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiffs bring a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collective defined to include:

> All persons Defendants employed as a delivery driver during any workweek in the maximum limitations period in either Georgia or Wisconsin.

38. Plaintiffs reserve the right to modify the proposed collective definition at a later stage of litigation.

39. Plaintiffs are members of the proposed collective they seek to represent because they worked for Defendants as delivery drivers during the relevant period and suffered the minimum wage violation alleged above.

40. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

a. Plaintiffs and the Class members had the same employer in their respective state;

b. Plaintiffs and the Class members performed the same type of work;

c. Plaintiffs and the Class members were governed by the same compensation policies, practices, and systems;

d. Plaintiffs and the Class members were subjected to the same policies relating to the payment of expenses on a sub-IRS rate per mile; and

e. Plaintiffs and the Class members were governed by the same payroll policies, practices, and systems;

41. Plaintiffs estimate that the collective group, including both current and former employees over the relevant period, will include hundreds or even thousands of members. The precise number of members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

**COUNT I - RECOVERY OF DAMAGES UNDER THE FLSA**

42. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-42 above.

43. Plaintiffs and those similarly situated employees are/were entitled to be paid complete

minimum wage compensation free and clear for their work for Defendants.

44. During their employment with Defendants, Plaintiffs and other delivery drivers were not paid sufficient reimbursement by Defendants for the vehicles expenses incurred by Plaintiffs and other delivery drivers on behalf of Defendants.

45. As a result of this pay practice, Plaintiffs and the other delivery drivers have not been paid complete minimum wages free and clear.

46. In failing to ensure that Plaintiffs and the collective group members received at least the tipped minimum wage rate for each hour they worked "on-the-road," Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

47. Defendants have no good faith justification or defense for failing to pay Plaintiffs and the collective group members all wages mandated by the FLSA.

48. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and the other delivery drivers complete minimum wage compensation, Plaintiffs and those similarly situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

49. As a result of Defendants' willful or reckless violation of the FLSA, Plaintiffs and the other delivery drivers are entitled to liquidated damages.

50. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, SHAKYRA ROBERTSON and LUTHER BURKMAN, on behalf of themselves and those similarly situated, respectfully request an Order:

A. certifying this matter to proceed as a collective action;

B. approving Plaintiffs as adequate Class representatives of the proposed Class;

C. appointing Morgan & Morgan, P.A., and Forester Haynie, PLLC to serve as Class Counsel;

D. requiring Defendants to provide the names and current (or best known) addresses of all members of the identified Collective;

E. authorizing Class Counsel to issue a notice informing the Collective members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. finding that Defendants willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiffs and the collective group members;

G. granting judgment in favor of Plaintiffs and the members of the collective group;

H. awarding all available compensatory damages in an amount to be determined;

I. awarding an equal amount of liquidated damages as provided by the FLSA;

J. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

K. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint; and

L. awarding any further relief the Court deems just, necessary, and proper.

Dated this 26th day of June, 2020.

Respectfully submitted,

***/s/* M. Mathews**
**FORESTER HAYNIE PLLC**

**Meredith Mathews**
Texas Bar No. 24055180
**J. Forester**
Texas Bar No. 24087532
400 N. St. Paul St. Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
mmathews@foresterhaynie.com

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com

***Attorneys for Plaintiff***